Estate of Frank M. Gordon, Deceased, the First National Bank of Chicago, Administrator with the Will Annexed v. Commissioner.
Estate of Frank M. Gordon v. Commissioner
Docket No. 22923.
United States Tax Court
1950 Tax Ct. Memo LEXIS 191; 9 T.C.M. (CCH) 424; T.C.M. (RIA) 50130; May 31, 1950
Harry B. Sutter, Esq., One North LaSalle St., Chicago 2, Ill., for the petitioner. Paul Levin, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $5,995.33 in estate tax. The issue for decision is whether he erred in including any amount in the gross estate under section 811 (c) to represent the value of the widow's right to receive a pension from The First National Bank of Chicago. The facts have been stipulated. [The Facts] Frank M. Gordon died on November 28, 1946. The estate tax return was filed with the collector of internal revenue for the first district of Illinois. Gordon was employed by The First National Bank of Chicago from 1892 until his retirement on *192 January 1, 1942. He was required to contribute 3 per cent of his salary to the employer's pension fund beginning in 1899. His total contribution was $23,276.75 and that of the bank by reason of his employment was $55,463.50. He received, after retirement and until his death, $29,500 as a pension at the rate of $6,000 per year. The pension plan provided that the widow would receive a pension of $3,000 annually after the decedent's death. There were time limitations on her right and the pension would cease upon her remarriage. The decedent had no choice as to the pension to be paid his widow. The Commissioner included $27,789.69 in the gross estate under section 811 (c) representing the value of the pension to be paid the widow. [Opinion] The stipulation facts in this case show that the terms of the pension plan are so similar to those considered in Estate of William S. Miller, 14 T.C. 657, (April 21, 1950), as to make the two cases indistinguishable for present purposes and, following that case, this point is decided for the petitioner. Decision will be entered under Rule 50.